IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EMMANUEL K. THORNTON,**

        **Plaintiff,**

**v.**                                                         **CIV No. 02-0330 LH/ACT**

**AMERICA ONLINE/TIME WARNER, INC.,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court for consideration of whether or not this matter must be dismissed by the Court due to a failure to prosecute, pursuant to Rule of Civil Procedure 41. The Court, having considered the undecided matters before the Court, concludes that this lawsuit shall be allowed to proceed, provided Elijah Thornton fulfills three conditions set forth herein; that America Online, Inc.'s Motion for Leave to Reply to Elijah Thornton's Response to the Notice of Impending Dismissal and to Re-Open Discovery for a Limited Purpose (Docket No. 52) is **denied**; that Plaintiff's Motion for Default Judgment (Docket No. 26) is **denied**; and that Defendant America Online, Inc.'s Motion to Dismiss as a Rule 37 Sanction (Docket No. 28) is **denied**.

**Background**

The relevant procedural background in this matter is as follows:

1. Plaintiff, Emmanuel K. Thornton ("Plaintiff"), filed a *pro se* complaint in this matter on March 25, 2002.

2. Plaintiff died on April 11, 2003.

3. Defendant, America Online, Inc. ("AOL") filed a Suggestion of Death of the Plaintiff on July 3, 2003 (Docket No. 41).

4. The Court Clerk for the United States District Court for the District of New Mexico entered a Notice of Impending Dismissal (the "Notice") on October 17, 2003 (Docket No. 44), stating that the matter would be dismissed in 10 days for a failure to prosecute, unless good cause was shown for retention of the matter on the Court's docket.

5. The Court subsequently granted Plaintiff's father, Elijah Thornton ("Mr. Thornton"), until August 9, 2004 to file a response with the Court to the Notice, to show good cause for retention of this case on the Court's docket, or suffer dismissal for failure to prosecute (Docket No. 48).

6. On August 9, 2004, counsel for Mr. Thornton filed a Response to Notice of Impending Dismissal (Docket No. 50). In this response, Mr. Thornton argued that the case should not be dismissed under Rule 41 because: (1) the case has merit, as demonstrated by the EEOC's finding of good cause; (2) Mr. Thornton is not an attorney, and was not yet represented by counsel when he received court documents related to the proposed dismissal of this case, and failed to understand those documents fully when he received them; and (3) Mr. Thornton intends to establish himself as plaintiff in this action, and to participate fully in the litigation of the case, including making good-faith responses to discovery requests still pending.

7. On August 20, 2004, Defendant AOL filed a motion seeking to reply to Mr. Thornton's response, and to re-open discovery for a limited purpose (Docket No. 52). The same day Defendant AOL filed a memorandum in support of this motion (Docket No. 53).

**Rule 41 Analysis**

A dismissal for failure to prosecute is a drastic remedy to be used only in extreme circumstances, as it has the effect of an adjudication on the merits. 8 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 41.50[3] (3d ed. 2004). It should be employed only when lesser remedies are not satisfactory. "The courts should be especially careful not to dismiss a case involving civil rights claims or a pro se plaintiff too hastily." *Id*. Dismissals under Rule 41 are matters of discretion with the trial court. *S.E.C. v. Power Resources Corp.*, 495 F.2d 297, 298 (10th Cir. 1974). There is no precise rule as to what circumstances justify a dismissal for failure to prosecute. Instead, the procedural history of each case must be examined to make such a determination. *Id*.

This case has been pending for thirty one months, eighteen months having passed since the death of Plaintiff. Plaintiff and Mr. Thornton both appeared *pro se* until counsel entered a special appearance to contest dismissal in August 2004. The procedural history of this case indicates delays occasioned by several factors: lack of understanding of court procedure by Plaintiff and Mr. Thornton, by the death of Plaintiff, and by the lack of a ruling by this Court for seven months, the period of time between the Court' Notice and its granting Mr. Thornton additional time to file a response to this Notice.

Certainly, delays caused by a plaintiff's lack of understanding of Court proceedings do not

justify continuance of a matter. The delay caused for the other two reasons, however, combined with the lack of prejudice to Defendant AOL[1], leads the Court to conclude that there is adequate justification to continue this matter on its docket.

Furthermore, the Court has reviewed Elijah Thornton's Response to Notice of Impending Dismissal and concludes that he has stated a good faith basis to pursue this matter. The Court notes the EEOC's finding of good cause, and that Mr. Thornton has retained counsel, and states an intention to participate fully in the litigation, including making good faith responses to discovery requests still pending.

For these reasons, the Court determines that at this time it would be inappropriate to dismiss this matter.

**Survival of the Cause of Action**

As noted above, Plaintiff filed his *pro se* complaint in this matter more than two years ago. The pre-trial order (Docket No. 18), approved by Plaintiff, states that this is an action under Title VII for alleged retaliation, and the Court construes it as such. It was Plaintiff's contention that he reported racial harassment and was retaliated against for doing so in the form of termination. *Id*. His complaint asked for compensatory as well as for punitive damages.

---

[1] AOL claims prejudice insofar as what it terms as an inability to defend this case "without reasonable, or any, discovery." (America Online, Inc.'s Mem. in Supp. of its Mot., Docket No. 53 at 7). Defendant AOL argues that although Mr. Thornton claims that he is capable of responding to pending discovery requests, that in fact he "cannot do what he claims." In fact, the Court herein is setting conditions about Mr. Thornton's responsibility to participate in discovery, if he intends to be allowed to proceed with this litigation. It will be incumbent upon Mr. Thornton to comply with all Court orders and to prove his case, or suffer dismissal. In fact, it is the Plaintiff's case which has been prejudiced by his death and by Mr. Thornton's lack of personal knowledge about such topics as the reasons for Plaintiff's termination, Plaintiff's efforts pertaining to new employment, Plaintiff's communications with AOL employees and Plaintiff's experience with AOL.

Plaintiff's death raises the issue of whether his Title VII action survives. The Court concludes that this federal cause of action does survive. *See, e.g., Slade ex rel. Slade v. United States Postal Serv.*, 952 F.2d 357, 360(10th Cir. 1991) (looking to state law to determine whether Title VII action will survive party's death); N.M.STAT. ANN. § 37-2-4 (Repl. Pamp. 1990)(providing that no action pending in any court shall abate by the death of a party, except for actions for libel, slander, malicious prosecution, assault or assault and battery, for nuisance or against a justice of the peace [magistrate] for misconduct in office.)

**Motion to Substitute**

Having determined that this claim has not been extinguished, the Court may order substitution of a party plaintiff. Rule 25 provides that a motion for substitution may be made by the "successors or representatives of the deceased party." Ordinarily, the motion must be made within 90 days after the death is suggested on the record. Defendant filed a Suggestion of Death with the Court on July 3, 2003. (Docket No. 41). Subsequent documents filed by Plaintiff's father confirmed that Plaintiff Emmanuel K. Thornton died on April 11, 2003.

Defendant notes that the 90-day deadline for the filing of a motion for substitution does not begin to run until service is made on the Plaintiff's estate's personal representative, citing *Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990) (AOL's Resp. to Pltf's Mot., Docket No. 47, n. 1). In *Grandbouche*, the Tenth Circuit held that "the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be served pursuant to FED.R.CIV.P. 4." *Id.* at 837. Defendant AOL states that it has not been able to serve Plaintiff's representative because there is no legal representative, which appears to be correct.

5

Defendant AOL states that the 90-day period does not begin to run until service is made in the Plaintiff's estate's personal representative. (AOL's Resp. to Pltf's Mot., Docket No. 47, n. 1). Accordingly, the time for filing a motion to substitute a property party has not run.

In his Response to Notice of Impending Dismissal, Mr. Thornton states that it is his intention to: (1) establish himself as the representative of Emmanual's estate; (2) file a motion for substitution under Rule 25(a)(1); and, (3) make good-faith efforts to comply with all of Defendant's discovery requests, as required by the rules of discovery and by this Court's January 22, 2003 order. He states that there has been no need, independent of a necessity if this case is allowed to proceed, to open an estate for his son.

As noted above, the Court is well aware of the lengthy time that this case has been pending, and of the lack of progress that has been made in its pursuit. Having clearly stated his intentions, Elijah Thornton is hereby granted sixty (60) days from entry of this Memorandum Opinion and Order to accomplish the three above-stated intentions, or suffer dismissal of this case. This sixty (60) day deadline for filing the motion for substitution is not dependent on service by Defendant upon Elijah Thornton of a Suggestion of Death, but exists now independently as an order of this Court.

To afford Mr. Thornton the opportunity to comply with all of Defendant's discovery requests, Defendant AOL is hereby instructed to serve these requests on Mr. Thornton within five (5) working days of entry of this Memorandum Opinion and Order. Defendant AOL is further instructed to file a copy of these requests with the Court as well, in order that it may closely monitor the situation. Given the difficulty of the law and proof in a Title VII case, now made more difficult by Plaintiff's death, Mr. Thornton is urged to continue to retain counsel for complete representation

in this litigation.

**Other Pending Motions**

As noted above, Defendant AOL filed a motion on August 20, 2004 seeking to reply to Mr. Thornton's response to the Notice. Defendant AOL's accompanying memorandum effectively replied to Mr. Thornton's response, and to the extent that it sought permission to file a reply, it is denied as being moot. The motion also sought re-opening of discovery for the limited purpose. Specifically, Defendant AOL sought limited discovery to test Mr. Thornton's narrative of unsubstantiated "facts" contained in his response to this Court's Notice, with regard to Mr. Thornton's delay in prosecuting this matter. The Court concludes that granting this limited discovery would only lead to further delay in this matter. Regardless of the accuracy of Mr. Thornton's representations to the Court, he is now under a strict deadline to meet three prerequisites for the continuation of this lawsuit, and time will be better spent pursuant to this deadline, than in questioning him about past events.

Defendant AOL's August 20th motion and accompanying memorandum advocate dismissal of the case based on Plaintiff's failure to comply with discovery obligations. This was also the topic of a motion that was filed by Defendant AOL on February 22, 2003 (*see* Docket No. 28). Defendant AOL's argument in both motions is that Plaintiff repeatedly and deliberately refused to participate in the discovery process or to comply with this Court's instructions and orders, prior to his death on April 11, 2003. Plaintiff's alleged failures include a failure to respond to written discovery propounded October 3, 2002; an assertion from Plaintiff, in the presence of Magistrate Judge Svet, that he would comply with discovery obligations only if Defendant AOL filed a motion to compel;

Plaintiff's refusal to comply with Judge Svet's oral instructions; Plaintiff's failure to respond to Defendant AOL's motion for sanctions; and, Plaintiff's failure to comply with this Court's January 22, 2003 order requiring him to respond to discovery.

This opinion requires Mr. Thornton to bring current the outstanding discovery requests that were propounded to Plaintiff within sixty (60) days. The Court will not revisit the alleged failures of Plaintiff, now deceased, to cooperate in the discovery process, nor will it allow any further latitude to Mr. Thornton, in his task of continuing this lawsuit on behalf of his son's estate. Defendant AOL's motion to dismiss (Docket No. 28) is accordingly **denied**.

The other unresolved motion in this matter is Plaintiff's Motion for Entry of Default Judgment (Docket No. 26). The stated premise for this motion is that Defendant AOL was late in filing its answer. In fact, in lieu of filing an answer immediately, Defendant AOL timely filed a motion to dismiss under Rule 12(b)(6). Pursuant to Rule 12(a)(4), the filing of this motion changes the due date for an answer until ten days after an order is entered denying the motion to dismiss. *See Finnegan v. University of Rochester Med. Ctr.*, 180 F.R.D. 247, 249 (W.D.N.Y. 1998)("Rule 12(a)(4) states that the service of a motion under Rule 12 suspends the movant's time to file a responsive pleading until ten days after the Court's disposition of the motion.").

Defendant AOL filed its motion to dismiss on Plaintiff on May 6, 2002. The Court denied the motion on June 28, 2002, but Defendant AOL had already filed its answer on May 23, 2002, well before its actual due date. There was no default in this case on the part of the Defendant, and accordingly this motion shall be denied.

**WHEREFORE**, for the reasons stated herein:

1. Continuance of this matter is premised upon timely compliance by Elijah Thornton with

three conditions. Specifically, Elijah Thornton is hereby granted sixty (60) days from the date of entry of this Memorandum Opinion and Order in which to: (a) establish himself as the representative of Emmanual's estate; (b) file a motion for substitution under Rule 25(a)(1); and, (c) make good-faith efforts to comply with all of Defendant's discovery requests, as required by the rules of discovery and by this Court's January 22, 2003 order.

2. America Online, Inc.'s Motion for Leave to Reply to Elijah Thornton's Response to the Notice of Impending Dismissal and to Re-Open Discovery for a Limited Purpose (Docket No. 52) is **denied**.

3. Plaintiff's Motion for Default Judgment (Docket No. 26) is **denied**.

4. Defendant America Online, Inc.'s Motion to Dismiss as a Rule 37 Sanction (Docket No. 28) is **denied**.

Upon proof to the Court that Elijah Thornton has complied with the three conditions of continuance of this matter on the Court's docket, the matter will be referred to the assigned magistrate judge for imposition of appropriate discovery and other deadlines to keep this case on track. In the event that Mr. Thornton does not timely comply with all three of these conditions, the matter will be dismissed.

The Clerk of the Court is hereby instructed to immediately transmit a copy of this Memorandum Opinion and Order to all counsel who have entered appearances, as well as to Elijah Thornton, via facsimile to fax number 757-484-3031, and to retain proof of service by that means.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**